UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WOULFE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil No. 12cv2122 L (KSC) <br><br> **ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE ORDER RE: SANCTIONS and SUSTAINING DEFENDANT'S OBJECTION TO DECLARATION OF RICHARD D. SAUL [doc. #42]** |

On September 19, 2013, plaintiff Richard Woulfe filed an objection [doc. #28] to the magistrate judge's Order filed on September 3, 2013 [doc. #21], which imposed sanctions on plaintiff for his failure to participate in an agreed upon independent psychiatric examination ("IPE"). The objection has been fully briefed and is decided without oral argument.

**A.    Background[1]**

Plaintiff alleges that on March 22, 2010, plaintiff was driving his car when FBI Agent Laura O'Farrell, who was acting within the scope of her employment, collided with the midsection of plaintiff's car. The collision was significant. Plaintiff had a seizure and was unconscious for 30-60 minutes after the accident.  He was taken by ambulance to Scripps Mercy Hospital. While there, Plaintiff was assessed as having a closed head injury/concussion and appeared to have short term memory dysfunction. He was kept overnight and when released,

---

[1]    The factual background is taken from plaintiff's complaint.

plaintiff was advised that he might experience post-concussion symptoms, including headaches, nausea, dizziness, memory loss, concentration difficulties and irritability.

Approximately a month later, plaintiff continued to have neurological symptoms and was examined by a neurologist, who determined plaintiff had suffered a traumatic brain injury and still had elements of post-concussion syndrome.

Plaintiff brought this action against the United States alleging negligence under the Federal Tort Claims Act: plaintiff's injuries resulted from the collision which include, *inter alia,* continuing cognitive difficulties including memory, attention and decreased cognitive efficiency.

**B.     Defendant's Motion for Sanctions**

The government arranged for Alan A. Abrams, M.D. to conduct plaintiff's IPE. Plaintiff appeared at Dr. Abrams' office as scheduled and with the explicit understanding that the IPE would be tape recorded. Dr. Abrams provided a consent form to plaintiff but he would not sign the consent form because a sentence in the form allowed Dr. Abrams to interview other people about plaintiff. At that point, plaintiff called his attorney for consultation. At plaintiff's request, Dr. Abrams faxed the consent form to Plaintiff's counsel. Following the phone discussion with his attorney, plaintiff requested modifications of the consent form to which Dr. Abrams agreed.

During the time when plaintiff and Dr. Abrams were waiting for counsel to review the consent form, plaintiff asked if Dr. Abrams knew plaintiff's relative, a forensic psychologist. Plaintiff contends Dr. Abrams made negative comments about his relative which made plaintiff "uncomfortable." (Plf's Exh. 2)

Although not entirely clear when the recording device was turned on, it had been activated prior to Dr. Abrams telling plaintiff that it was recording. Plaintiff became upset that the audio recording had commenced before he was given notice that the device was recording. Again, plaintiff indicated he needed to speak with his counsel. When talking with his counsel, plaintiff was "extremely upset, anxious and agitated" about the entire process that had occurred. (Plf's Exhs. 2, 6.)

Plaintiff's counsel and counsel for the government went to Dr. Abrams' office to listen to the recording. Counsel, Dr. Abrams and plaintiff listened to the recording together. Plaintiff

became even more distraught contending that Dr. Abrams had erased part of the conversation.

Plaintiff's counsel contends that the recorded conversation demonstrates that Dr. Abrams was condescending and patronizing to plaintiff which is an additional reason why plaintiff became so agitated and anxious that it would have been impossible to have a meaningful and accurate exam. (Exh. 6, ¶¶ 27-29.) Counsel for both plaintiff and defendant agreed that the exam could not go forward.

Defendant then moved for monetary sanctions against plaintiff for his failure to participate in the agreed upon IPE. After full briefing, Magistrate Judge Crawford granted defendant's motion and awarded defendant $2,950.00, which is the amount Dr. Abrams billed for the time he spent in preparation for and his attempt to conduct the IPE. As previously noted, plaintiff objects to the magistrate judge's order.

**1.    Legal Standard**

When considering objections to a magistrate judge's non-dispositive discovery order under Federal Rule of Civil Procedure 72(a), the district judge must modify or set aside any part of the order "that is clearly erroneous or is contrary to law." The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp.2d 980, 983 (S.D. Cal. 1999). The "contrary to law" standard applies to a magistrate judge's purely legal determinations. *Id.*

**2.    Discussion**

In imposing sanctions, the magistrate judge found that plaintiff's failure to participate in the agreed upon IPE with Dr. Abrams was not substantially justified, and it delayed and disrupted the preparation of this case for trial. In his objection to that decision, plaintiff contends that the magistrate judge erred in imposing sanctions because (1) both parties' counsel agreed that the IPE would not be successful and would not provide reliable findings because of plaintiff's high level of agitation and uncontrollable anger; (2) plaintiff inability to control his anger outbursts was and is due to the brain injury sustained in the accident at issue; and (3) Dr. Abrams' behavior triggered plaintiff's extreme reaction which caused the IPE to be terminated.

In seeking to have the sanction lifted, plaintiff contends it would unjust to impose the

costs associated with the failed IPE on him because he has significant psychological problems that cause him to lose control in stressful confrontations, like the IPE. Plaintiff provided Dr. Dominick Addario's report, plaintiff's own psychiatrist, that states plaintiff "had significant problems with controlling his anger since his head injury" and has intolerance to confrontation." (Plf's Exh. 4 at 2.) The day prior to the Adam's IPE, plaintiff told defense neuro-psychologist Dr. Dean Delis that "[h]e felt that his emotional symptoms were quite severe in terms of anxiety and being short-tempered." (Plf's Exh. 5 at 7.) Further, Dr. Mark Kalish, a psychiatrist retained by defendant, noted:

> [Woulfe] was poorly cooperative with the clinical examination. He was argumentative and seemed very intent on making a record for the audio recorder present during the examination. There were obvious inconsistencies in the plaintiff's presentation, which suggests that his subjective complaints may be exaggerated.
> …
> It should be noted that plaintiff revealed to me during my examination that he has researched the forensic examination process. When questioned, the plaintiff refused to tell me what research he had done. The plaintiff's research into the forensic examination process certainly could have affected his performance on the various examinations. Such distortions have been reported in the medical literature.

(Dft's Exh. 6 at 47, 49.)

      The magistrate judge had this information concerning plaintiff's emotional issues available when deciding defendant's motion for sanctions. As a factual matter, the magistrate judge was persuaded that sanctions against plaintiff scenario were warranted. This decision is not clearly erroneous.

      Plaintiff contends that there can be no finding of bad faith in this situation because plaintiff called his counsel for assistance and both plaintiff and defendant's counsel agreed that the IPE would not be successful. However, defense counsel's acknowledgment that the IPE could not go forward because of plaintiff's extreme agitation does not suggest that plaintiff was acting in good faith.

      Additionally plaintiff argues that Dr. Abrams owed a duty of care to plaintiff to not trigger his emotional distress and uncontrollable anger. This is not the legal standard in the Circuit. Morever, as the magistrate judge noted, plaintiff did not show that his behavior of

agitation and anger was caused by Dr. Abrams. The records of Dr. Kalish and Dr. Addario both show that plaintiff acted similarly with them. Plaintiff's behavior with Dr. Abrams was not an anomaly but instead appears to be a pattern. Therefore, the magistrate judge reasonably found that plaintiff's failure to participate in the IPE was not substantially justified, *i.e.,* plaintiff's own conduct caused the termination of the IPE, and not Dr. Abram's behavior.

According to plaintiff, the magistrate judge erroneously assessed the level of plaintiff's brain injury based on his interpersonal encounters with friends, family and work associates. The magistrate judge did not err in finding plaintiff's post-accident ability to control himself in social and work situations inconsistent with his assertion that Dr. Abram created plaintiff's behavioral issues which resulted in the cessation of the IPE.

Finally, plaintiff asserts that it would be more appropriate to defer defendant's motion for sanctions and "adjudicate costs at the end of this case following receipt of all the psychiatric testimony and after judgment. . . . Use of the ordinary cost recovery mechanisms by this court would serve justice and promote judicial economy." Because the magistrate judge's factual determinations were not clearly erroneous, and the legal analysis was not contrary to law, the Court does not find deferring the motion to be necessary or helpful. Nevertheless, the payment of the sanction shall be held in abeyance until the conclusion of the case.

### 3. Conclusion

The magistrate judge properly set forth the applicable law for sanctions for discovery abuses, discussed the relevant information provided by the parties in addressing defendant's motion, and appropriately applied the law. The decision to impose sanctions was neither contrary to law nor clearly erroneous.

**C.    Defendant's Objection to the Declaration of Richard D. Saul**

Plaintiff's reply memorandum in support of objection to Magistrate Judge's Order granting sanctions attached a previously undisclosed declaration of Richard D. Saul and relied on the Saul declaration in arguing the objection. Saul's declaration attached his "Forensic Audio Examination & Analysis" of the Abram's tape recording. The declaration and report were not considered by the magistrate judge in making her findings concerning sanctions.

Defendant objects to the introduction of the Saul declaration and report at this stage of the proceedings. The Court concurs and further notes that plaintiff did not respond to defendant's objection. Failure to respond to the objection may be deemed a consent under the Civil Local Rules.

When a district court is reviewing objections to a magistrate judge's factual findings, newly presented evidence that the magistrate judge had no opportunity to consider will be disregarded. Accordingly, defendant's objection is well taken and will be sustained.

**D.     Conclusion**

Based on the foregoing:

1. Plaintiff's objection to the magistrate judge's Order granting defendant's motion for sanctions for plaintiff's failure to participate in agreed upon IPE is **OVERRULED**.
2. The sanction imposed may be paid at the conclusion of the case.
3. Defendant's objection to the declaration of Richard D. Saul and the arguments in plaintiff's reply memorandum which cite the Saul declaration is **SUSTAINED.**

**IT IS SO ORDERED.**

DATED: March 24, 2014

M. James Lorenz
United States District Court Judge

COPY TO:

HON. KAREN S. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28